COPY

1  James S. Greenan (SBN 53648)
   jgreenan@gpsllp.com
2  Joshua M. Bryan (SBN 225230)
   jbryan@gpsllp.com
3  GREENAN, PEFFER, SALLANDER & LALLY LLP
   6111 Bollinger Canyon Road, Suite 500
4  San Ramon, California 94583
   Telephone: (925) 866-1000
5  Facsimile: (925) 830-8787

6  Attorneys for Defendant
   KNOWLEDGE LEARNING CORPORATION, INC.
7  (incorrectly sued herein as
   CHILDREN'S WORLD-KNOWLEDGE
8  LEARNING CORPORATION)

9

E-filing

ORIGINAL FILED
JAN -9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

WHA

10              UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  JULIE RUTH DOCKHAM,                    )  Case No.  C08-00147
                                          )
14              Plaintiff,                 )
                                          )  NOTICE OF REMOVAL OF ACTION
15       vs.                               )  [28 U.S.C. section 1441(b) (Diversity)]
                                          )
16  CHILDREN'S WORLD-KNOWLEDGE            )
    LEARNING CORPORATION, and DOES 1      )
17  through 50, inclusive.                 )
                                          )
18              Defendants.                )
                                          )
19 _____)

20

21

22  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

23  **NORTHERN DISTRICT OF CALIFORNIA:**

24       PLEASE TAKE NOTICE that defendant KNOWLEDGE LEARNING

25  CORPORATION, INC. ("KLC") removes to this Court the state court action described below:

26  ///

27  ///

28  ///

Greenan,
Peffer,
Sallander &
Lally LLP

1

1.    On November 19, 2007, a civil action was filed in the California Superior Court, County of Contra Costa, entitled *Julie Ruth Dockham v. Children's World-Knowledge Learning Corporation*, Case No. C 07-02537 (the "Action").  A copy of the complaint filed in the Action is attached as Exhibit 1.

2.    Defendant first received a copy of the complaint when it was served with the complaint and summons from the California Superior Court on December 13, 2007.  A copy of the summons is attached as Exhibit 2.

3.    A copy of the Notice of the Case Management Conference scheduled by the California Superior Court in the Action is attached as Exhibit 3.

4.    On January 8, 2008, defendant filed its answer in the Action.  A copy of the answer is attached as Exhibit 4.

### Jurisdiction

5.    This Court has original jurisdiction over the Action pursuant to 28 U.S.C. section 1332.  The Action is properly removed to this Court pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states.  The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, because:

    a.    The complaint alleges numerous causes of action against defendant and Does 1-50.  The causes of action include Disability Discrimination under Government Code sections 12940(a) and 12965, Failure to Accommodate plaintiff's disability under Government Code sections 12940(m) and 12965, Failure to Engage in the interactive process under Government Code sections 12940(n) and 12965, and unlawful employment practices in violation of public policy.  Plaintiff seeks general damages in an amount in excess of the jurisdictional limits, special damages according to proof, compensatory damages for losses resulting from humiliation, anxiety, mental anguish and emotional distress, interest on the amount of losses incurred in earnings, etc., punitive damages, interest on compensatory damages, economic damages, attorneys' fees, and costs of suit incurred.  Plaintiff's complaint and the Civil Case Cover Sheet allege unlimited damages in excess of $25,000.  Based upon the severity of these allegations and nature of relief sought in the complaint, the amount in controversy exceeds

Greenan,
Peffer,
Sallander &
Lally LLP

2

1   $75,000.

2          b.    At all times alleged in the complaint, defendant was, and remains, a

3   corporation that is organized and exists under the laws of the State of Delaware with its principal

4   place of business in Portland, Oregon.

5          c.    Based on the allegations in paragraph 1 of the complaint, defendant is

6   informed and believes that plaintiff was, and remains, a resident of Contra Costa County,

7   California.

8                      **Interdistrict Assignment**

9        6.    Pursuant to Civil L.R. 3-2, this action arises from the County of Contra Costa and

10   is properly assigned to the Oakland Division of the United States District Court for the Northern

11   District of California.

12

13   Dated:  January 8, 2008

14

15                         GREENAN, PEFFER, SALLANDER & LALLY LLP

16

17                    By:

18                      James S. Greenan

19                      Attorneys for Defendant<br>KNOWLEDGE LEARNING<br>CORPORATION, INC.

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# EXHIBIT 1

1  HOWARD MENCHER, SBN 64399
2  LAW OFFICES OF HOWARD MENCHER
   1299 Newell Hill Place, Suite 300
3  Walnut Creek, CA 94596-5220
   Telephone: (925) 930-7501
4
5  Attorney for Plaintiff
   JULIE RUTH DOCKHAM
6
7

**FILED**

2007 NOV 19  A 10: 11

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY: S. Frenchi, Deputy Clerk

SUMMONS ISSUED

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF CONTRA COSTA—UNLIMITED JURISDICTION

10

11  JULIE RUTH DOCKHAM,                    NO. C  07-02537

12          Plaintiff,                     COMPLAINT FOR:

13      vs.                                1.  **DISABILITY DISCRIMINATION IN
                                               EMPLOYMENT RE DISCONTINUING**
14  CHILDREN'S WORLD-KNOWLEDGE                **PREVIOUSLY GRANTED**
15  LEARNING CORPORATION, and DOES 1         **ACCOMMODATION AND**
    through 50, inclusive,                   **TERMINATING PLAINTIFF AND**
16                                           **REQUEST FOR ATTORNEYS' FEES**
17          Defendants.                      **AND COSTS (California Government Code**
                                             **§§ 12940(a) and 12965);**
18                                       2.  **FAILURE TO ACCOMMODATE**
                                             **PLAINTIFF'S DISABILITY AND**
19                                           **REQUEST FOR ATTORNEYS' FEES**
20                                           **AND COSTS (California Government Code**
                                             **§§ 12940(m) and 12965);**
21                                       3.  **FAILURE TO ENGAGE IN THE**
                                             **INTERACTIVE PROCESS AND**
22                                           **REQUEST FOR ATTORNEYS' FEES**
                                             **AND COSTS (California Government Code**
23                                           **§§ 12940(n) and 12965); and**
24                                       4.  **UNLAWFUL EMPLOYMENT**
                                             **PRACTICES IN VIOLATION OF PUBLIC**
25                                           **POLICY**
26

27      Plaintiff JULIE RUTH DOCKHAM complains of Defendants, and each of them, and for her

28  causes of action, alleges as follows:

-1-
COMPLAINT RE DISABILITY DISCRIMINATION IN EMPLOYMENT; FAILURE TO ACCOMMODATE
PLAINTIFF'S DISABILITY, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; REQUEST FOR
ATTORNEYS' FEES; and UNLAWFUL EMPLOYMENT PRACTICES

## PRELIMINARY ALLEGATIONS

1.      Plaintiff JULIE RUTH DOCKHAM (hereafter referred to as Plaintiff DOCKHAM) is a female citizen of the United States, residing in the State of California, County of Contra Costa, who suffers from health conditions, including the health condition known as vaginal prolapse, all of which are disabilities as defined by California Government Code Section 12926(k) and as set forth in California Government Code Section 12926.1(c). At all times relevant, Plaintiff was an employee of Defendant CHILDREN'S WORLD-KNOWLEDGE LEARNING CORPORATION (hereafter referred to as Defendant KLC (standing for KNOWLEDGE LEARNING CORPORATION)) from approximately February 9, 2004 until her termination on February 3, 2006.

2.      Defendant KLC is a corporation and does business in the State of California in the running of various entities rendering childcare services. At the time of the events set forth in this complaint, Plaintiff was working at an entity of Defendant KLC located in Clayton, California, then known as Children's World.

3.      Defendant KLC was at all times relevant an employer of Plaintiff DOCKHAM and, as previously set forth, is a corporation that had been doing business in the State of California, County of Contra Costa, at the time of the events set forth in this complaint.

4.      The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 25, inclusive, are unknown to Plaintiff DOCKHAM at the time of filing this complaint, who, therefore, sues said Defendants by such fictitious names and Plaintiff DOCKHAM will amend this complaint to show their true names or capacities when they are learned. Plaintiff is informed and believes and, on this basis, alleges that each Defendant designated herein as a DOE was responsible intentionally, negligently, or in some other actionable manner, for the events, happenings and conduct referred to herein which proximately caused injury to Plaintiff as hereinafter alleged.

5.      Plaintiff DOCKHAM, who had training/education as a teacher of children and had taken care of children for twenty years in a home daycare setting, was hired by Defendant KLC to work as a teacher of young children on approximately February 9, 2004. Plaintiff had a medical condition known as vaginal prolapse which had required two surgeries which were performed in 2001 and 2002. As a

**COMPLAINT RE DISABILITY DISCRIMINATION IN EMPLOYMENT; FAILURE TO ACCOMMODATE PLAINTIFF'S DISABILITY, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; REQUEST FOR ATTORNEYS' FEES; and UNLAWFUL EMPLOYMENT PRACTICES**

1   result of this medical condition, necessitating the prior surgeries, Plaintiff was limited in lifting/

2   carrying anything in excess of ten pounds. This restriction was a permanent ongoing one which was

3   noted in various medical documents which were given to Defendant KLC's agents/supervisors/

4   representatives at the time Plaintiff interviewed for a position with Defendant KLC and prior to

5   Plaintiff DOCKHAM being hired/commencing employment with Defendant KLC on February 9, 2004.

6       6.     Before Plaintiff was hired on February 9, 2004, she informed the then director at the

7   Defendant KLC facility known as Children's World, in Clayton, California that she had physical

8   limitations and provided the director with medical documentation stating that Plaintiff had had surgery

9   for the prolapse and was restricted/could not lift in excess of ten pounds. This limitation and request

10   for an accommodation by Plaintiff was discussed between Plaintiff and the then director of the

11   Defendant KLC facility, Children's World, and thereafter Plaintiff was granted an accommodation.

12   The director informed Plaintiff that this limitation of not lifting anything in excess of ten pounds would

13   not be a problem in Plaintiff carrying out her job duties of taking care of young children in the 3s room.

14   Thereafter, up until the time of Plaintiff's wrongful termination on February 3, 2006, Plaintiff's

15   aforementioned accommodation remained in effect and at all times she was able to carry out the

16   essential functions of her job duties as a teacher in the 3s room/ section.

17       7.     In approximately June/July of 2005, an acting director took over from the prior director.

18   The new acting director was aware of Plaintiff DOCKHAM's physical limitations and the

19   accommodation that she had been previously granted/had been in effect since Plaintiff DOCKHAM

20   began working with Defendant KLC at the Children's World facility in February of 2004.

21       8.     In approximately January of 2006, Ms. Barbara Owens became Director of the

22   Children's World facility in Clayton, California. In approximately early February 2006, Ms. Owens

23   asked Plaintiff DOCKHAM to leave her 3s room and to help out in a 2s room because the teacher was

24   absent. Plaintiff, after working in the 2s room with the children for one day, felt a pull in her stomach

25   from carrying out the different duties (different from the 3s room) in the 2s room and told Ms. Owens

26   that she (Plaintiff) was not physically able, because of her medical-physical condition/two prior

27   prolapse surgeries, to work in the 2s room with the children because these duties required excessive

28   lifting (beyond her physical capabilities). Plaintiff DOCKHAM informed Director Owens of the

COMPLAINT RE DISABILITY DISCRIMINATION IN EMPLOYMENT; FAILURE TO ACCOMMODATE
PLAINTIFF'S DISABILITY, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; REQUEST FOR
ATTORNEYS' FEES; and UNLAWFUL EMPLOYMENT PRACTICES

1    accommodation she had had since she began working with Defendant KLC at Children's World on

2    February 9, 2004 and Plaintiff further told Director Owens that she had previously provided Children's

3    World—Defendant KLC—with medical documentation regarding her lifting limitations.

4        9.    On February 3, 2006, Plaintiff was called into Director Owens' office. Ms. Owens

5    again was questioning Plaintiff, after she previously had been told of Plaintiff's medical condition/

6    lifting restrictions, about what the medical reasons were for Plaintiff not being able to lift in excess of

7    ten pounds. At this time, Plaintiff showed Director Owens a medical document dated March 15, 2004

8    from her doctor which stated that Plaintiff's medical limitations were an ongoing restriction. Plaintiff

9    informed Director Owens that she had been accommodated at Defendant KLC because of her medical

10   condition/surgeries/ lifting limitations and had not ever been required to lift in excess of ten pounds

11   prior to this time.

12       10.    Director Owens then, on February 3, 2006, told Plaintiff that she was required to be able

13   to lift fifty pounds in order to work at the Defendant KLC facility—Children's World. Plaintiff

14   informed Director Owens that she had never seen nor had been told of this job requirement. In

15   response, Ms. Owens informed Plaintiff that the requirement, re Plaintiff's job duties at Defendant

16   KLC—Children's World, was that she had to be able to lift fifty pounds and that this requirement had

17   been in effect since 2001.

18       11.    Director Owens then told Plaintiff that unless there are no lifting restrictions of Plaintiff

19   regarding her ability to work at Defendant KLC, she could not work/continue her job at Children's

20   World—Defendant KLC. Plaintiff then provided Director Owens with further documentation, which

21   medical documentation had been provided to the director at the time of Plaintiff's hire. This medical

22   documentation, which Plaintiff gave to Director Owens on February 3, 2006 to review, stated that

23   Plaintiff had lifting restrictions/could not lift/carry beyond ten pounds and said restrictions were to

24   continue indefinitely. Plaintiff desired to continue working at Defendant KLC and was discussing her

25   limitations with Director Owens in an attempt to assure her that she would be able to carry out her job

26   responsibilities with the appropriate accommodation which had been granted to her when she started

27   working on February 9, 2004 and had been in place since that time. At all times, Plaintiff had

28   performed satisfactorily in performing the essential functions of her job with the accommodation

COMPLAINT RE DISABILITY DISCRIMINATION IN EMPLOYMENT; FAILURE TO ACCOMMODATE
PLAINTIFF'S DISABILITY, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; REQUEST FOR
ATTORNEYS' FEES; and UNLAWFUL EMPLOYMENT PRACTICES

1  Defendant KLC had granted when she was hired on February 9, 2004. Director Owens refused to

2  discuss the issue with Plaintiff any further re attempting to accommodate her; refused to engage in a

3  discussion of her medical condition/limitations and on February 3, 2006, after being provided with the

4  aforementioned medical documentation pertaining to Plaintiff's lifting limitations, terminated Plaintiff

5  without any notice.

6       12.    Plaintiff filed a complaint of discrimination with the California Department of Fair

7  Employment and Housing regarding the above events against Defendant KLC on May 9, 2006 and

8  received her right-to-sue letter from the Department of Fair Employment and Housing on March 27,

9  2007. This lawsuit is being filed within one year from the date of the right-to-sue letter dated March

10  27, 2007 which is attached to this complaint and marked as Exhibit "1."

11       13.    Plaintiff DOCKHAM has fully complied with the administrative prerequisites to the

12  filing of her claims/lawsuit.

13       14.    At all relevant times, Plaintiff was an employee covered by California Government

14  Code Sections 12940 et seq., prohibiting discrimination in employment on the basis of disability.

15       15.    At all relevant times, Defendant KLC was an employer within the meaning of California

16  Government Code Section 12926(d) and, as such, was barred from discriminating in employment

17  decisions on the basis of disability as set forth in the Government Code Sections 12940 et seq.

18       16.    Plaintiff DOCKHAM is informed and believes, and on this basis alleges, that Director

19  Barbara Owens in doing the acts herein alleged, was at all times acting within the authority, course and

20  scope of her employment and agency with Defendant KLC and at the direction of, under the

21  supervision of and/or with the subsequent ratification by Defendant KLC.

22       **FIRST CAUSE OF ACTION FOR DISABILITY DISCRIMINATION IN**
23       **EMPLOYMENT RE DISCONTINUING PREVIOUSLY GRANTED**
     **ACCOMMODATION AND TERMINATING PLAINTIFF AND REQUEST**
24       **FOR ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA**
     **GOVERNMENT CODE SECTIONS 12940(a) AND 12965 (AGAINST**
25       **DEFENDANT KLC AND DOES 1 THROUGH 50, INCLUSIVE).**

26       17.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 16,

27  inclusive, as though fully set forth herein.

28       18.    The Fair Employment and Housing Act ("FEHA") codified in California Government

COMPLAINT RE DISABILITY DISCRIMINATION IN EMPLOYMENT; FAILURE TO ACCOMMODATE
PLAINTIFF'S DISABILITY, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; REQUEST FOR
ATTORNEYS' FEES; and UNLAWFUL EMPLOYMENT PRACTICES

1   Code Sections 12900 *et seq.*, makes it unlawful for an employer to discriminate against an employee on

2   the basis of the employee's disability.

3        19.    Defendants, including Defendant KLC, engaged in unlawful employment practices in

4   violation of the FEHA by discontinuing/breaking a previously granted accommodation for Plaintiff's

5   disability—vaginal prolapse—by (1) failing to engage in the interactive process to determine if

6   Plaintiff, who on February 3, 2006, informed Director Owens that she had a limitation but that with an

7   accommodation she could carry out the essential functions of her job, could be given a reasonable

8   accommodation, by (2) failing to provide Plaintiff with a continuing reasonable accommodation, which

9   had previously been granted and by (3) terminating Plaintiff from her position at Defendant KLC.

10        20.    Plaintiff is informed and believes and based thereon alleges that her disability was a

11   motivating factor in Defendant KLC and Defendants DOES 1 through 50, making the decision to

12   terminate Plaintiff's employment along with other discrimination against her, in violation of California

13   Government Code Section 12940(a).

14        21.    As a proximate result of the wrongful conduct of Defendants, and each of them,

15   including Defendant KLC, Plaintiff has suffereded and continues to sustain substantial losses in

16   earnings and other employment benefits, as well as past and future medical costs, in an amount

17   according to proof at the time of trial.

18        22.    As a proximate result of the wrongful conduct of Defendants, and each of them,

19   including Defendant KLC, Plaintiff has suffered humiliation, emotional distress, physical illness and

20   mental pain and anguish, all to her damage in an amount according to proof at the time of trial.

21        23.    In doing the acts herein alleged, Defendants, and each of them, including Defendant

22   KLC, acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights and Plaintiff

23   is, therefore, entitled to punitive damages in an amount according to proof at the time of trial.

24        24.    Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in

25   amount according to proof at the time of trial.

26   ///

27   ///

28   ///

-6-
**COMPLAINT RE DISABILITY DISCRIMINATION IN EMPLOYMENT; FAILURE TO ACCOMMODATE
PLAINTIFF'S DISABILITY, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; REQUEST FOR
ATTORNEYS' FEES; and UNLAWFUL EMPLOYMENT PRACTICES**

**SECOND CAUSE OF ACTION RE FAILURE TO ACCOMMODATE
PLAINTIFF'S DISABILITY AND REQUEST FOR ATTORNEYS' FEES
AND COSTS (CALIFORNIA GOVERNMENT CODE SECTIONS
12940(m) AND 12965) (AGAINST DEFENDANT KLC AND DOES 1
THROUGH 50, INCLUSIVE).**

25.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 24, inclusive, as though fully set forth herein.

26.     California Government Code Section 12940(m) provides that it is unlawful for an employer to fail to make reasonable accommodation for the known physical disability of an employee.

27.     Defendant KLC and DOE Defendants 1 through 50 failed to make reasonable accommodation for Plaintiff's known disability of vaginal prolapse. Instead of continuing with the previously granted accommodation and accepting Plaintiff's request for a continued accommodation, Defendants terminated Plaintiff's employment.

28.     As a proximate result of the wrongful conduct of Defendants, and each of them, including Defendant KLC, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

29.     As a proximate result of the wrongful conduct of Defendants, and each of them, including Defendant KLC, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount according to proof at the time of trial.

30.     In doing the acts herein alleged, Defendants, and each of them, including Defendant KLC, acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff, and Plaintiff is, therefore, entitled to punitive damages according to proof at the time of trial.

31.     Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

**THIRD CAUSE OF ACTION RE FAILURE TO ENGAGE IN THE
INTERACTIVE PROCESS AND REQUEST FOR ATTORNEYS' FEES
AND COSTS (CALIFORNIA GOVERNMENT CODE SECTIONS 12940(n)
AND 12965) (AGAINST DEFENDANT KLC AND DOES 1 THROUGH 50,
INCLUSIVE.**

32.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 31,

-7-

1  inclusive, as though fully set forth herein.

2       33.    California Government Code Section 12940(n) provides that it is unlawful for an

3  employer to fail to engage in a timely, good faith, interactive process with the employee to determine

4  effective reasonable accommodations, if any.

5       34.    Defendants, including Defendant KLC, through their agent, supervisor, director,

6  Barbara Owens, failed to engage in a timely, good faith interactive process with Plaintiff on/after

7  February 3, 2006, to determine effective reasonable continuing accommodations for Plaintiff's known

8  disability of vaginal prolapse for which two prior surgeries were done in 2001 and 2002. Instead,

9  Defendants, including Defendant KLC, terminated Plaintiff's employment. On the day, just prior to

10  Plaintiff's termination, Plaintiff was explaining to Director Owens what her medical condition was that

11  caused the limitation. In addition, Plaintiff provided Ms. Owens with medical documentation

12  regarding this medical condition/ limitation. Plaintiff also informed Director Owens that she had been

13  working with this accommodation since she had been hired on February 9, 2004. Defendant KLC,

14  through Director Owens, refused to engage in any interactive process and/or discussion to determine an

15  appropriate/ reasonable accommodation and/or continuing accommodation and in violation of the law,

16  terminated Plaintiff at that time without any notice and/or warning.

17       35.    As a proximate result of the wrongful conduct of Defendants, and each of them,

18  including Defendant KLC, Plaintiff has suffered and continues to sustain substantial losses in earnings

19  and other employment benefits in an amount according to proof at the time of trial.

20       36.    As a proximate result of the wrongful conduct of Defendants, and each of them,

21  including Defendant KLC, Plaintiff has suffered humiliation, emotional distress, and mental pain and

22  anguish, all to her damage in an amount according to proof at the time of trial.

23       37.    In doing the acts herein alleged, Defendants, and each of them, including Defendant

24  KLC, acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff, and

25  Plaintiff is, therefore, entitled to punitive damages according to proof at the time of trial.

26       38.    Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an

27  amount according to proof at the time of trial.

28  / / /

**COMPLAINT RE DISABILITY DISCRIMINATION IN EMPLOYMENT; FAILURE TO ACCOMMODATE
PLAINTIFF'S DISABILITY, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; REQUEST FOR
ATTORNEYS' FEES; and UNLAWFUL EMPLOYMENT PRACTICES**

1
2
3
4

**FOURTH CAUSE OF ACTION FOR (1) DISABILITY DISCRIMINATION
IN EMPLOYMENT RE DISCONTINUING PREVIOUSLY GRANTED
ACCOMMODATION AND TERMINATING PLAINTIFF, (2) FAILURE
TO ACCOMMODATE PLAINTIFF'S DISABILITY AND (3) FAILURE TO
ENGAGE IN THE INTERACTIVE PROCESS ALL IN VIOLATION OF
PUBLIC POLICY.**

5   39.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 38,

6   inclusive, as though fully set forth herein.

7   40.     Defendants, and each of them, including Defendant KLC, discriminated against Plaintiff

8   based on (1) her disability in violation of California Government Code Section 12940(a) re

9   discontinuing her previously granted accommodation at the time of hire by terminating Plaintiff, (2) by

10  failing to accommodate Plaintiff's disability/failing to continue to accommodate her disability and

11  breaking the accommodation previously granted at the time of hire, in violation of California

12  Government Code Section 12940(m) and (3) by failing to engage in the required interactive process

13  with Plaintiff to determine effective reasonable accommodations and/or effective continuing reasonable

14  accommodations, in violation of California Government Code Section 12940(n).  Instead, Defendants,

15  and each of them, including Defendant KLC, terminated Plaintiff's employment on February 3, 2006.

16  41.     As a proximate result of the wrongful conduct of Defendants, and each of them,

17  Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment

18  benefits as well as past and future medical costs in an amount according to proof at the time of trial.

19  42.     As a proximate result of the wrongful conduct of Defendants, and each of them,

20  Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to her damage in

21  an amount according to proof at the time of trial.

22  **DAMAGES**

23  43.     Plaintiff incorporates Paragraphs 1 through 42 by reference as though fully set forth

24  herein.

25  44.     As a legal result of the conduct by Defendants, and each of them, Plaintiff suffered and

26  continues to suffer losses in earnings and other employee benefits.  Plaintiff has also accrued and will

27  continue to accrue medical expenses and related costs.  Plaintiff will seek leave to amend this

28  complaint to state the exact amount or will proceed according to proof at trial.

COMPLAINT RE DISABILITY DISCRIMINATION IN EMPLOYMENT; FAILURE TO ACCOMMODATE
PLAINTIFF'S DISABILITY, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; REQUEST FOR
ATTORNEYS' FEES; and UNLAWFUL EMPLOYMENT PRACTICES

1    45.    At the time Plaintiff entered into the employment agreement with Defendant KLC and

2    DOE Defendants 1 through 50, and continuing thereafter, all parties to the agreement contemplated and

3    it was reasonably foreseeable that breach of the agreement would cause Plaintiff to suffer emotional

4    distress. The terms of the employment agreement related to matters which directly concerned

5    Plaintiff's comfort, happiness and personal welfare and Defendants, including Defendant KLC, were

6    aware of this at the time they entered into the employment agreement and continuing thereafter. The

7    subject matter of the employment agreement was such as to directly affect Plaintiff's self-esteem and

8    emotional wellbeing, and Defendants were aware of this at the time they entered into the agreement

9    with Plaintiff and continuing thereafter.

10    46.    Plaintiff suffered emotional distress as a legal result of the conduct by Defendants of

11    which Plaintiff complains. Plaintiff suffered mental distress, suffering and anguish as a legal result of

12    the outrageous conduct of Defendants, and each of them, reacting to the discrimination and resulting

13    termination with humiliation, embarrassment, anger, disappointment and worry, all of which was

14    substantial and continues. Plaintiff had previously been accommodated and then suddenly, without any

15    forewarning, was terminated on the spot after the previously granted accommodation was broken/

16    discontinued.

17    47.    At all times, Defendants, and each of them, including Defendant KLC, knew that

18    Plaintiff depended on her wages and other benefits as a source of earned income. At all times,

19    Defendants were in a position of power over Plaintiff, with the potential to abuse that power. Plaintiff

20    was in a vulnerable position because of her relative lack of power, because of her reliance on

21    Defendants' assurances re the granting of and continuation of the accommodation based on Plaintiff's

22    physical disability, because she had placed her trust in Defendants, because she depended on her

23    employment for her self-esteem, because she relied on her employment as a source of income for her

24    support and because of the great disparity in bargaining power between Plaintiff and her employee,

25    Defendant KLC. Defendant KLC and DOES 1 through 50 were aware of Plaintiff's vulnerability and

26    the reasons for it.

27    48.    Notwithstanding such knowledge, Defendants, and each of them, acted oppressively,

28    fraudulently and maliciously, in willful and conscious disregard of Plaintiff's rights, and with the

-10-
COMPLAINT RE DISABILITY DISCRIMINATION IN EMPLOYMENT; FAILURE TO ACCOMMODATE
PLAINTIFF'S DISABILITY, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; REQUEST FOR
ATTORNEYS' FEES; and UNLAWFUL EMPLOYMENT PRACTICES

1  intention of causing or in reckless disregard of the probability of causing injury and emotional distress

2  to the Plaintiff.

3      49.    Defendant KLC and Defendant DOES 1 through 50 were informed of the oppressive,

4  fraudulent and malicious conduct of its employees, agents and subordinates and ratified, approved and

5  authorized that conduct.

6      50.    The foregoing conduct of Defendants, and each of them, was intentional, willful and

7  malicious. Plaintiff is, therefore, entitled to punitive damages in an amount according to proof.

8      51.    Plaintiff is also entitled to attorneys' fees and costs pursuant to California Government

9  Code Section 12965.

10                        **PRAYER FOR RELIEF**

11     WHEREFORE, Plaintiff requests relief as follows:

12     1.    For general damages in an amount in excess of the jurisdictional limits of the Superior

13  Court, according to proof;

14     2.    For special damages for medical treatment and expenses, according to proof;

15     3.    For special damages, according to proof for losses incurred in seeking substitute

16  employment and loss of earnings, deferred compensation and other benefits;

17     4.    For compensatory damages for losses resulting from humiliation, anxiety, mental

18  anguish and emotional distress according to proof;

19     5.    For interest on the amount of losses incurred in earnings, deferred compensation and

20  other employee benefits at the prevailing legal rate;

21     6.    For punitive damages according, to proof and/or according to statute;

22     7.    Interest at the legal rate from the time of discharge until paid, upon the sums of the

23  above items of compensatory damages, according to proof;

24     8.    All actual, economic, consequential, compensatory and incidental losses resulting from

25  Defendants' wrongful conduct;

26     9.    For attorney fees and costs as available under the California Government Code;

27     10.    For costs of suit incurred herein; and

28  ///

1      11.    For such other and further relief as the court may deem just and proper.

2  Dated: November _____, 2007    LAW OFFICES OF HOWARD MENCHER

3

4

5  HOWARD MENCHER
   Attorney for Plaintiff JULIE RUTH DOCKHAM

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT RE DISABILITY DISCRIMINATION IN EMPLOYMENT; FAILURE TO ACCOMMODATE
PLAINTIFF'S DISABILITY, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; REQUEST FOR
ATTORNEYS' FEES; and UNLAWFUL EMPLOYMENT PRACTICES

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                      ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov



March 27, 2007

JULIE RUTH DOCKHAM
2024 San Vincente Dr
Concord, CA 94519

RE:    E200506M1643-00-pe/37AA608728
       DOCKHAM/CHILDREN'S WORLD, KNOWLEDGE LEARNING CORPORATION

Dear JULIE RUTH DOCKHAM:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed effective March 27, 2007. Please be advised that this recommendation has been accepted.

Based upon its investigation, DFEH is unable to conclude that the information obtained establishes a violation of the statute. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

$EX. "1"$

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission
(EEOC) for further review. If so, pursuant to Government Code section 12965,
subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review
of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the
case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator

cc:     Case File

JENNIFER MEINERS
SR. HR SPECIALIST
CHILDREN'S WORLD, KNOWLEDGE LEARNING CORPORATION
6095 Main St
Concord, CA 94519

DFEH-200-08ew (06/06)
MBOOKERD

# EXHIBIT 2

# EXHIBIT 2

**SUMMONS**                                                                      SUM-100
*(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>CHILDREN'S WORLD-KNOWLEDGE LEARNING CORPORATION, and DOES<br>1 through 50, inclusive, | FILED<br><br>2007 NOV 19 A 10: 12<br><br>K. TORRE, CLERK OF THE SUPERIOR COURT<br>COUNTY OF CONTRA COSTA, CALIF.<br>By_____<br>S. Herbrechts, Deputy Clerk |
| **YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>JULIE RUTH DOCKHAM | |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court, County of Contra Costa<br>725 Court Street | CASE NUMBER<br>*(Número del Caso):* **07 - 02537** |
|---|---|

Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
HOWARD MENCHER (SBN 64399)                           (925) 930-7501
LAW OFFICES OF HOWARD MENCHER
1299 NEWELL HILL PLACE, SUITE 300
WALNUT CREEK, CA 94596-5220

| DATE:<br>*(Fecha)* **NOV 1 9 2007** | Clerk, by **S. HARBRECHT** , Deputy<br>(Secretario)                            (Adjunto) |
|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☒ on behalf of *(specify):* Children's World-Knowledge Learning Corporation |
| | under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]                    **SUMMONS**                    Legal Solutions Plus                    Code of Civil Procedure §§ 412.20, 465

# EXHIBIT 3

# EXHIBIT 3

SUPERIOR COURT – MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

DOCKHAM VS CHILDREN'S WORL-KNOWLEDGE

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC07-02537

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 04/07/08       DEPT: 30       TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  11/29/07

                                    S. HARBRECHT, Deputy Clerk

# EXHIBIT 4

# EXHIBIT 4

1  James S. Greenan (SBN 53648)
   jgreenan@gpsllp.com
2  Joshua M. Bryan (SBN 225230)
   jbryan@gpsllp.com
3  GREENAN, PEFFER, SALLANDER & LALLY LLP
   6111 Bollinger Canyon Road, Suite 500
4  San Ramon, California 94583
   Telephone: (925) 866-1000
5  Facsimile: (925) 830-8787

6  Attorneys for Defendant
   KNOWLEDGE LEARNING CORPORATION, INC.
7  (incorrectly sued herein as
   CHILDREN'S WORLD-KNOWLEDGE
8  LEARNING CORPORATION)

9

                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                            COUNTY OF CONTRA COSTA
11
                              UNLIMITED JURISDICTION
12

13  JULIE RUTH DOCKHAM,                    )  Case No.: C 07-02537
                                          )
14              Plaintiff,                 )
                                          )  KNOWLEDGE LEARNING
15         vs.                             )  CORPORATION, INC.'s ANSWER TO
                                          )  UNVERIFIED COMPLAINT
16  CHILDREN'S WORLD-KNOWLEDGE            )
    LEARNING CORPORATION, and DOES 1     )  Action Filed: November 19, 2007
17  through 50, inclusive,                )
                                          )
18              Defendants.               )
                                          )
19                                        )       BY FAX

20

21         Defendant KNOWLEDGE LEARNING CORPORATION, INC. (incorrectly sued herein

22  as CHILDREN'S WORLD-KNOWLEDGE LEARNING CORPORATION) hereby answers

23  JULIE RUTH DOCKHAM's ("Plaintiff") unverified Complaint ("Complaint") on file herein as

24  follows:

25         Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally

26  denies each and every material allegation of Plaintiff's Complaint, and denies further that

27  Plaintiff has been injured in the amount or manner alleged or in any amount or manner.

28

Greenan,
Peffer,
Sallander &
Lally LLP

                                          1
_____
                        ANSWER TO UNVERIFIED COMPLAINT

1    WHEREFORE, Defendant prays for judgment as hereinafter set forth:

2    FIRST AFFIRMATIVE DEFENSE

3    As a separate and distinct affirmative defense, this answering Defendant alleges that the

4    Complaint does not state facts sufficient to constitute a cause of action against this answering

5    Defendant.

6    SECOND AFFIRMATIVE DEFENSE

7    As a separate and distinct affirmative defense, this answering Defendant alleges that any

8    recovery by Plaintiff is barred on the grounds that, as to each and every oral, implied or other

9    contract alleged, there was a failure of consideration.

10    THIRD AFFIRMATIVE DEFENSE

11    As a separate and distinct affirmative defense, this answering Defendant alleges that, to

12    the extent that this answering Defendant did not perform, this answering Defendants'

13    performance was excused by virtue of Plaintiff's material breach, failure of performance,

14    prevention of performance and other wrongs.

15    FOURTH AFFIRMATIVE DEFENSE

16    As a separate and distinct affirmative defense, this answering Defendant alleges that if

17    Plaintiff's allegations state a cause of action, then this answering Defendant's failure to perform

18    its obligations, if any, is the result of Plaintiff's failure to perform her obligations as required by

19    contract, and that performance on the part of Plaintiff is a condition precedent which Plaintiff

20    failed to fulfill, thus excusing the performance of this answering Defendant's obligations, if any.

21    FIFTH AFFIRMATIVE DEFENSE

22    As a separate and distinct affirmative defense, this answering Defendant alleges that

23    Plaintiff, by her acts and/or omissions, is estopped, in whole or in part, from asserting any of the

24    claims upon which she seeks relief.

25    SIXTH AFFIRMATIVE DEFENSE

26    As a separate and distinct affirmative defense, this answering Defendant alleges that at all

27    times mentioned in the Complaint, this answering Defendant performed and discharged in good

28    faith each and every obligation owed to Plaintiff, except such obligations as this answering

Greenan,
Peffer,
Sallander &
Lally LLP

ANSWER TO UNVERIFIED COMPLAINT

1  Defendant was excused from performing as a result of Plaintiff's conduct or the failure of

2  conditions precedent or subsequent.

3                    SEVENTH AFFIRMATIVE DEFENSE

4          As a separate and distinct affirmative defense, this answering Defendant alleges that if it

5  acted as alleged in the Complaint, it was privileged or justified in its actions.

6                    EIGHTH AFFIRMATIVE DEFENSE

7          As a separate and distinct affirmative defense, this answering Defendant alleges that

8  Plaintiff's Complaint is barred by the failure of Plaintiff to give this answering Defendant

9  reasonable and/or proper notice of the alleged breaches of contract or other wrongful conduct as

10  alleged in the Complaint.

11                    NINTH AFFIRMATIVE DEFENSE

12          As a separate and distinct affirmative defense, this answering Defendant alleges that

13  Plaintiff's Complaint, and each cause of action therein, is absolutely barred by virtue of

14  Plaintiff's knowing and voluntary waiver of any obligations or liabilities of this answering

15  Defendant, if any there were.

16                    TENTH AFFIRMATIVE DEFENSE

17          As a separate and distinct affirmative defense, this answering Defendant alleges that each

18  cause of action is barred by Plaintiff's own unclean hands or by estoppel to the extent that

19  Plaintiff consented to and/or actively participated in the conduct which she now alleges

20  constitutes her causes of action.

21                    ELEVENTH AFFIRMATIVE DEFENSE

22          As a separate and distinct affirmative defense, this answering Defendant alleges that

23  Plaintiff has failed to use due diligence to mitigate her alleged damages, if any.

24                    TWELFTH AFFIRMATIVE DEFENSE

25          As a separate and distinct affirmative defense, this answering Defendant alleges that

26  Plaintiff's recovery, if any, is barred by the doctrine of laches.

27                    THIRTEENTH AFFIRMATIVE DEFENSE

28          As a separate and distinct affirmative defense, this answering Defendant alleges that it

Greenan,
Peffer,
Sallander &
Lally LLP

3

1 | acted in good faith and without malice in terminating Plaintiff's employment for a legitimate,
2 | non-discriminatory, non-retaliatory reason.

3 | <center>FOURTEENTH AFFIRMATIVE DEFENSE</center>

4 | As a separate and distinct affirmative defense, this answering Defendant alleges that, to
5 | the extent that Plaintiff seeks recovery on account of physical and emotional pain and suffering,
6 | then her exclusive remedy for such damages is under the California Workers' Compensation Act.

7 | <center>FIFTEENTH AFFIRMATIVE DEFENSE</center>

8 | As a separate and distinct affirmative defense, this answering Defendant alleges that
9 | Plaintiff's claims for tort damages and punitive damages are barred by the Contract Clause
10 | (Article I, Section 10, Clause 1), the Due Process Clause (Fifth Amendment, Fourteenth
11 | Amendment, Section 1), and the Excessive Fines Clause (Eight Amendment) of the United
12 | States Constitution and the corresponding provisions of the California Constitution.

13 | <center>SIXTEENTH AFFIRMATIVE DEFENSE</center>

14 | As a separate and distinct defense to each and every prayer for punitive damages, this
15 | answering Defendant alleges that the allegations of each cause of action, whether considered
16 | singly or in any combination, fail to state facts sufficient to state a claim for which punitive
17 | damages might be granted.

18 | <center>SEVENTEENTH AFFIRMATIVE DEFENSE</center>

19 | As a separate and distinct affirmative defense, this answering Defendant alleges that
20 | Plaintiff, by her acts and/or omissions, is estopped, in whole or in part, from asserting any of the
21 | claims upon which she seeks relief.

22 | <center>EIGHTEENTH AFFIRMATIVE DEFENSE</center>

23 | As a separate and distinct affirmative defense, to the extent that Plaintiff's claims were
24 | not filed within one year from the date such claims arose, said claims are barred by the one-year
25 | statute of limitations contained in Government Code section 12960.

26 | <center>NINETEENTH AFFIRMATIVE DEFENSE</center>

27 | As a separate and distinct affirmative defense, this answering Defendant alleges that
28 | Plaintiff has failed to avail herself of her administrative and contractual remedies.

Greenan,
Peffer,
Sallander &
Lally LLP

<center>4</center>

1

TWENTIETH AFFIRMATIVE DEFENSE

2  As a separate and distinct affirmative defense, this answering Defendant alleges that any

3 non-economic damages sustained by Plaintiff in this action were due to the fault of someone

4 other than this answering Defendant, and under California Civil Code Section 1431.2, the Fair

5 Responsibility Act of 1986, this answering Defendant can only be held liable to those economic

6 damages proportionally caused by the fault of this answering Defendant.

7

TWENTY-FIRST AFFIRMATIVE DEFENSE

8  As a separate and distinct affirmative defense, this answering Defendant alleges that at all

9 times relevant hereto, it exercised reasonable care to prevent and correct promptly any

10 discriminatory or harassing behavior, and that Plaintiff unreasonably failed to take advantage of

11 any preventative and/or corrective opportunities provided by this answering Defendant or to

12 otherwise avoid harm.

13

TWENTY-SECOND AFFIRMATIVE DEFENSE

14  As a separate and distinct affirmative defense, this answering Defendant alleges

15 that, to the extent during the course of this litigation that this answering Defendant acquires any

16 evidence of wrongdoing by Plaintiff, which would have resulted in Plaintiff being demoted,

17 disciplined, or terminated, such after-acquired evidence shall bar liability of this answering

18 Defendants and reduce Plaintiff's claims for damages as provided by law.

19

TWENTY-THIRD AFFIRMATIVE DEFENSE

20  As a separate and distinct affirmative defense, this answering Defendant alleges that the

21 Complaint, and each cause of action is barred by Plaintiff's willful misconduct.

22

TWENTY-FOURTH AFFIRMATIVE DEFENSE

23  As a separate and distinct affirmative defense, this answering Defendant alleges that

24 Plaintiff's claims are barred by the applicable statute of limitations.

25

TWENTY-FIFTH AFFIRMATIVE DEFENSE

26  As a separate and distinct affirmative defense, this answering Defendant alleges that it

27 has not violated any provisions of Government Code section 12940, et seq.

28

Greenan,
Peffer,
Sallander &
Lally LLP

5

1    TWENTY-SIXTH AFFIRMATIVE DEFENSE

2    As a separate and distinct affirmative defense, this answering Defendant alleges that

3    Plaintiff failed to request a reasonable accommodation as defined under Government Code

4    section 12940, et seq.

5    TWENTY-SEVENTH AFFIRMATIVE DEFENSE

6    As a separate and distinct affirmative defense, this answering Defendant alleges that

7    Plaintiff failed to give sufficient notice of her alleged disability to this answering Defendant as

8    required under Government Code section 12940, et seq.

9    TWENTY-EIGHTH AFFIRMATIVE DEFENSE

10    As a separate and distinct affirmative defense, this answering Defendant alleges that its

11    conduct was lawful because, even with reasonable accommodations, Plaintiff was unable to

12    perform an essential job duty without endangering her health or safety or the health or safety of

13    others under Government Code section 12940(a)(1).

14    TWENTY-NINTH AFFIRMATIVE DEFENSE

15    As a separate and distinct affirmative defense, this answering Defendant alleges that

16    Plaintiff's proposed accommodations would create an undue hardship to the operation of its

17    business under California Government Code section 12940(m).

18    THIRTIETH AFFIRMATIVE DEFENSE

19    As a separate and distinct affirmative defense, Defendant alleges that it has engaged in

20    the interactive process as set forth in Government Code section 12940(n).

21    THIRTY-FIRST AFFIRMATIVE DEFENSE

22    As a separate and distinct affirmative defense, this answering Defendant alleges that its

23    conduct was lawful because Plaintiff was unable to perform an essential job duty even with

24    reasonable accommodations under Government Code section 12940(a)(1).

25    THIRTY-SECOND AFFIRMATIVE DEFENSE

26    As a separate and distinct affirmative defense, this answering Defendant alleges that if

27    Plaintiff suffered any disparate treatment or impact, such disparate treatment or impact was

28    based upon a valid business reason or other valid criteria authorized under Government Code

Greenan,
Peffer,
Sallander &
Lally LLP

6

1    section 12940 et seq.

2                THIRTY-THIRD AFFIRMATIVE DEFENSE

3        As a separate and distinct affirmative defense, this answering Defendant alleges that it

4    has not committed any conduct that would entitle Plaintiff to an award of punitive damages.

5                THIRTY-FOURTH AFFIRMATIVE DEFENSE

6        As a separate and distinct affirmative defense, this answering Defendant alleges that

7    Defendant offered a reasonable accommodation, which was refused by Plaintiff.

8                THIRTY-FIFTH AFFIRMATIVE DEFENSE

9        As a separate and distinct affirmative defense, this answering Defendant alleges that

10   Plaintiff failed to engage in the interactive process in good faith.

11       WHEREFORE, Defendant prays for judgment as follows:

12       1.      Plaintiff takes nothing from her Complaint;

13       2.      Defendant recovers its fees and costs incurred in this action, including but not

14   limited to attorneys' fees; and

15       3.      For such other and further relief as the Court may deem proper and just.

16   Dated: January 8, 2008

17                          GREENAN, PEFFER, SALLANDER & LALLY LLP

18

19                          By: _____
                               James S. Greenan
20                             Attorneys for Defendant
                               KNOWLEDGE LEARNING
21                             CORPORATION, INC.

22

23

24

25

26

27

28

Greenan,
Peffer,
Sallander &
Lally LLP

7

1

## PROOF OF SERVICE

2

3    I, Patricia Voight, hereby declare:

4        I am employed in the County of Contra Costa, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of 18 and not a party to the within action. My business address is: Greenan, Peffer, Sallander & Lally, LLP, 6111 Bollinger Canyon Road, Suite 500, P.O. Box 10, San Ramon, California 94583.

5

6

7        I am personally and readily familiar with the business practice of Greenan, Peffer, Sallander & Lally, LLP, for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, postage prepaid, with the United States Postal Service.

8

9

10        On this date, I served:

11    **KNOWLEDGE LEARNING CORPORATION'S ANSWER TO UNVERIFIED COMPLAINT**

12

13    [X]    **(BY MAIL)** By placing a true copy thereof enclosed in a sealed envelope for collection and processing in accordance with the above-described business practice.

14    [X]    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

15

16    []    **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

17    []    **(BY FEDERAL EXPRESS)** I caused such envelope(s) to be handed to a federal express representative on , at the offices of Greenan, Peffer, Sallander & Lally, LLP, 6111 Bollinger Canyon Road, Ste. 500, San Ramon, CA 94583.

18

19    []    **(BY PERSONAL SERVICE)** I caused each document to be delivered by hand this date to the addressee(s) listed below.

20

21    []    **(BY ELECTRONIC SERVICE)** I caused such document(s) to be transmitted electronically to the party(ies), at the electronic mailing address(es) indicated in the attached service list on  at . Said transmission was reported as complete and without error.

22

23    []    **(FACSIMILE)** By facsimile transmission pursuant to Rule 2009 of the California Rules of Court
       Addressee:
       Facsimile No.:        Date:        Time:

24

25    Executed on January 8, 2008, at San Ramon, California.

26

27                            Patricia Voight

28

Greenan,
Peffer,
Sallander &
Lally LLP

1

**JULIE RUTH DOCKHAM**
v.
**CHILDREN'S WORLD-KNOWLEDGE LEARNING CORPORATION**

*Superior Court of the State of California*
*Contra Costa County Case No. C07-02537*

### Service List

| | |
|---|---|
| Howard Mencher, Esq.<br>Law Offices of Howard Mencher<br>1299 Newell Hill Place, Suite 300<br>Walnut Creek, CA  94596-5220<br>Telephone:  (925) 930-7501 | Attorneys for Plaintiff<br>Julie Ruth Dockham |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Greenan,
Peffer,
Sallander &
Lally LLP

2