1  James S. Greenan (SBN 53648)
   jgreenan@gpsllp.com
2  Joshua M. Bryan (SBN 225230)
   jbryan@gpsllp.com
3  GREENAN, PEFFER, SALLANDER & LALLY LLP
   6111 Bollinger Canyon Road, Suite 500
4  San Ramon, California 94583
   Telephone: (925) 866-1000
5  Facsimile:  (925) 830-8787

6  Attorneys for Defendant
   KNOWLEDGE LEARNING CORPORATION, INC.
7  (incorrectly sued herein as
   CHILDREN'S WORLD-KNOWLEDGE
8  LEARNING CORPORATION)

9

10              UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  JULIE RUTH DOCKHAM,           ) Case No.  C08-00147 WHA
                                  )
14           Plaintiff,            ) JOINT CASE MANAGEMENT
                                  ) STATEMENT
15      vs.                       )
                                  ) Date: April 24, 2008
16  CHILDREN'S WORLD-KNOWLEDGE    ) Time:  11:00 a.m.
    LEARNING CORPORATION, and DOES 1 ) Dept: 9
17  through 50, inclusive.        ) The Honorable William Alsup
                                  )
18           Defendants.           )
                                  )
19                                )
                                  )
20  

21       1.    Jurisdiction and Service:

22       The case was originally filed in Contra Costa Superior Court.  It was removed by

23  defendant on the grounds of diversity of citizenship of the parties.  All parties have been served.

24  There are no issues of jurisdiction or venue.

25       2.    Defendant's Factual Contention:

26       Plaintiff was a pre-school teacher at defendant's facility in Clayton, California, from

27  February 9, 2004 through February 9, 2006.  On February 3, 2006, plaintiff told the Center

28  Director that she was unable to lift in excess of ten pounds and could not perform duties assigned

to her. The Center Director advised plaintiff that the most recent physician's note in her file, dated November 29, 2004, stated that she could return to work without restrictions. Plaintiff claimed that the doctor who prepared the November 29, 2004 was not her regular doctor, and that a June 12, 2002 note saying that she had a lifting restriction, which would continue indefinitely, supported her claim of disability.

Defendant claims that plaintiff told the Center Director that she was planning to resign her position the following Monday and that the Center Director told plaintiff that she would check with the Company's Human Resources Department to determine if it would be necessary for plaintiff to obtain a updated note from her doctor.

Plaintiff claims that the Center Director told her that being able to lift forty pounds was a requirement of the job, and since plaintiff could not lift more than ten pounds, she would not be allowed to continue working at the company and that the Center Director terminated plaintiff's employment at the February 3, 2006 meeting. The Center Director denies that she terminated plaintiff at that meeting. After talking with the Human Resources representative, the Center Director called plaintiff at home to advise her that she would be provided a Request for Accommodation and that a updated doctor's note would be required for plaintiff to work through her notice period prior to her resignation. Plaintiff did not answer her telephone and the Center Director left plaintiff a message. Plaintiff did not return the Center Director's telephone call.

Plaintiff was scheduled to work at the Center from February 6 through February 9, 2006. She did not show up for her shifts nor did she call in to say that she would not be at work. The Center Director left plaintiff three additional telephone messages, which plaintiff did not return. On February 9, 2006, defendant processed plaintiff's resignation as a job abandonment.

Plaintiff's Factual Contention:

Plaintiff interviewed as a pre-school teacher at defendant's childcare facility in Clayton, California, in early February 2004. At that time, plaintiff Dockham had a medical condition known as vaginal prolapse which had required two surgeries in 2001 and 2004 causing plaintiff not to be able to lift/carry more than ten pounds. This limitation was permanent and was noted in medical documents given to agents of defendant Children's World-Knowledge Learning

1  Corporation (henceforth KLC) when plaintiff interviewed for the position. Plaintiff discussed
2  this limitation with the then director of the defendant KLC facility and plaintiff requested an
3  accommodation re not lifting in excess of ten pounds. This accommodation was granted and
4  plaintiff was hired on February 9, 2004. In the middle of 2005, the acting director took charge
5  and acknowledged that she was aware of plaintiff's physical limitations and the accommodation
6  that plaintiff had/been in effect since plaintiff was hired in February 2004.
7      In January 2006, Ms. Owens, the new director, assigned plaintiff different duties with
8  older children that plaintiff could not perform physically as it caused a pull in her stomach.
9  Plaintiff informed the director – Ms. Owens – that because of her physical condition/two prior
10 prolapse surgeries, she could not perform the new duties because of the excessive lifting
11 involved. Plaintiff told Ms. Owens of her prior accommodation that had been given when she
12 was hired and that at the time of her hire plaintiff had provided defendant KLC medical
13 documentation regarding her lifting limitations. Plaintiff told Ms. Owens she had never been
14 required to lift more than ten pounds while at defendant KLC.
15     Ms. Owens told plaintiff on February 3, 2006 that she had to be able to lift fifty pounds in
16 order to work at defendant KLC. Plaintiff then provided Ms. Owens medical documentation
17 showing that the lifting/carrying restriction regarding plaintiff, of no more than ten pounds, was
18 permanent.
19     Ms. Owens told plaintiff that the most recent doctor's note in the file dated November 29,
20 2004, stated plaintiff could return to work without any restrictions. Plaintiff then showed and
21 explained to Ms. Owens the doctor's note dated March 15, 2004, which stated that plaintiff had
22 "an ongoing lift/carry restriction" of no more than ten pounds. Plaintiff explained to Ms. Owens
23 that the note of November 29, 2004 was dealing with her—plaintiff—returning to work from an
24 illness unrelated to her physical limitation.
25     Ms. Owens refused to discuss the issue any further with plaintiff regarding attempting to
26 accommodate her, refused to discuss plaintiff's medical condition/limitations and terminated
27 plaintiff on February 3, 2006. Ms. Owens, following the termination, escorted plaintiff from the
28 KLC premises while plaintiff was upset and crying. Plaintiff told a number of employees that

she had been fired.

3. <u>Defendant's Contention Re Legal Issues:</u>

a. Did plaintiff's claim of lifting restrictions constitute a disability under applicable federal or state law?

b. Does plaintiff's failure to communicate with defendant after February 3, 2006, constitute a complete defense to plaintiff's claim that defendant failed to engage in the interactive process.

<u>Plaintiff's Contention Re Legal Issues:</u>

a. Was plaintiff granted an accommodation for a physical disability when she was hired in February 2004?

b. Did plaintiff's accommodation continue until January-February 2006 when the new director—Ms. Owens—took over?

c. Did plaintiff inform center director Owens of her physical limitations and prior accommodation in February 2006?

d. Did Ms. Owens, in February 2006, engage in the interactive process with plaintiff?

e. Did Ms. Owens and defendant KLC break/discontinue an accommodation previously given by defendant KLC in February 2004?

f. Did Ms. Owens fire plaintiff on February 3, 2006 because she was not able to lift up to fifty pounds?

4. <u>Motions:</u>

There are no motions presently pending. Defendants anticipate filing a motion for summary judgment after the completion of discovery.

At this time, plaintiff does not anticipate filing any motions but reserves the right to file motions following the completion of discovery.

5. <u>Amendment of Pleadings:</u>

No amendments to the pleadings are presently contemplated.

1    6.    Evidence Preservation:

2    Defendant has notified its employees by email that all relevant documents,

3    correspondence and emails must be maintained. The employees have acknowledged the

4    instructions by return email. All of the evidence from plaintiff has been preserved.

5    7.    Disclosures:

6    The disclosures required by FRCP are being served contemporaneously with this

7    statement. The parties have disclosed the names and contact information of witnesses and the

8    subject of their testimony. Relevant documents have also been produced.

9    8.    Discovery:

10    No discovery has been taken to date. Counsel for the parties met pursuant to FRCP

11    section 26(f). A discovery plan was discussed and the parties agreed to exchange interrogatories,

12    requests for admissions, document requests and to schedule depositions at the convenience of the

13    parties and witnesses. No limitation or modification of the discovery rules is required.

14    9.    Class Actions:

15    This is not a class action.

16    10.   Related Cases:

17    *Katool Wahab v. Children's World-Knowledge Learning Corporation, Inc., Barbara*

18    *Owens and Does 1 through 50,* filed in Contra Costa County Superior Court on March 28, 2008,

19    Case No. C 08-00715.

20    11.   Relief:

21    Plaintiff was earning approximately $3,000 per month and was off work for two

22    months/will claim a wage loss of $6,000. Because of the nature of and circumstances of the

23    termination/breaking a previously granted accommodation and the factors surrounding plaintiff's

24    termination, emotional distress damages in excess of $75,000 are sought. Plaintiff also seeks

25    attorney fees and costs along with punitive damages.

26    12.   Settlement and ADR:

27    The parties have agreed to participate in the Court's mediation program and have

28    submitted a stipulation to the court's ADR Administrator. Plaintiff requests full and complete

1  discovery before settlement discussions take place.  The parties have agreed to attempt to
2  schedule such discovery before mediation.
3      13.    Consent to Magistrate Judge for All Purposes:
4  The parties are not willing to consent to a magistrate judge in this case.
5      14.    Other References:
6  None necessary at this time.
7      15.    Narrowing of Issues:
8  Defendant will be filing a summary judgment motion.  At this time, plaintiff does not
9  anticipate filing any motions for narrowing of the issues.  However, plaintiff reserves the right to
10 file a motion to narrow the issues after the completion of discovery.
11     16.    Expedited Schedule:
12 This does not appear to be a case that can be resolved on an expedited schedule.  Plaintiff
13 requests full discovery before settlement attempts are made.
14     17.    Scheduling:
15 The parties propose a discovery cut-off date of December 1, 2008.  The parties agree that
16 disclosure of experts shall take place 90 days prior to trial in compliance with FRCP section
17 26(A)(2)(C).  It is proposed that motions for summary judgment be filed by February 1, 2009,
18 with the hearing on such motions scheduled at the convenience of the court's calendar.  The case
19 will be ready for trial by June 2009.  A pre-trial conference with the court is request within 30
20 days of trial to narrow the issues to be tried.
21     18.    Trial:
22 The parties estimate that trial will take seven-nine days and this includes pre-trial motions
23 through and including jury deliberations.  The plaintiff has demanded a jury.
24 ///
25 ///
26 ///
27 ///
28 ///

1   19.   Disclosure of Non-Party Interested Entities or Persons:

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: April 17, 2008

GREENAN, PEFFER, SALLANDER & LALLY LLP

By:   /S/
      James S. Greenan
      Attorneys for Defendant
      KNOWLEDGE LEARNING
      CORPORATION, INC.

Dated: April 17, 2008

LAW OFFICES OF HOWARD MENCHER

By:   /S/ Howard Mencher
      Howard Mencher
      Attorneys for Plaintiff
      JULIE DOCKHAM

1  19.  **Disclosure of Non-Party Interested Entities or Persons:**

2  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the
3  named parties, there is no such interest to report.

8  Dated: April 17, 2008

10  GREENAN, PEFFER, SALLANDER & LALLY LLP

12  By: _____
13  James S. Greenan
     Attorneys for Defendant
14  KNOWLEDGE LEARNING
     CORPORATION, INC.

16  Dated: April 17, 2008

18  LAW OFFICES OF HOWARD MENCHER

20  By: _____
     Howard Mencher
21  Attorneys for Plaintiff
     JULIE DOCKHAM